UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL KING, | 1:10-CV-01546 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DENYING PETITIONER'S MOTION TO PROCEED [Doc. #12] |
| MATTHEW CATE, Secretary, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

Petitioner filed the instant federal petition for writ of habeas corpus on May 21, 2010. He challenges a parole suitability hearing which took place on October 27, 2009. Following a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. In response, Petitioner filed a motion claiming exhaustion and requesting the Court to proceed with the petition.

**DISCUSSION**

As discussed in the Court's prior order, a petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

In this case, the Court noted that it appeared from the federal habeas petition that Petitioner had failed to exhaust his state remedies by failing to present his claims to the California Supreme Court. In response, Petitioner states he has fully exhausted his claims by presenting the exact claims he now presents at all levels of the California courts. The Court does not find Petitioner's contentions credible with respect to claims concerning his 2009 parole hearing. In response to the order to show cause, Petitioner failed to submit any evidence that he sought relief in the California Supreme Court. It is clear from the attachments to the petition that he has presented his claims to the California Court of Appeal, First Appellate District, and to the Marin County Superior Court. Nevertheless, it appears he has not filed a petition in the California Supreme Court. The state appellate court denied Petitioner's habeas petition on April 22, 2010, and Petitioner signed his federal petition on May 17, 2010. While possible, it is highly unlikely Petitioner filed a petition in the California Supreme Court and the California Supreme Court acted on that petition within those 25 days. Moreover, the Court has verified through the website maintained by the California Courts that there is no record of any petition being filed in the California Supreme Court after 2005.[1] See California Courts Case Information, http://appellatecases.courtinfo.ca.gov/ (last visited November 23, 2010). While Petitioner did file a habeas petition in 2005 in the California Supreme Court, that petition is irrelevant as it does not concern the 2009 parole hearing.

Therefore, the Court finds that Petitioner has failed to present his claims to the California

---

[1] This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

Supreme Court. His petition is unexhausted and must be dismissed. 28 U.S.C. § 2254(b)(1).

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial

showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. The petition for writ of habeas corpus is DISMISSED without prejudice;
2. Petitioner's motion to proceed is DENIED;
3. The Clerk of Court is DIRECTED to enter judgment and close the case; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 23, 2010**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE